IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

```
UNITED STATES OF AMERICA,      )
                               )   NO. 4:05-mj-00059-UNA-RAW
         Plaintiff,            )
                               )
   vs.                         )   MEMORANDUM FINDINGS AND
                               )   ORDER FOLLOWING DETENTION
ERIC DEWAYNE THOMPSON,         )   HEARING
                               )
         Defendant.            )
```

This matter came on before the Court for detention hearing on May 17, 2005. The government appeared by Assistant U.S. Attorney Cliff Wendell; defendant by Assistant Federal Defender Tim Ross-Boon.

Defendant is charged by complaint with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Preliminary hearing was conducted at the same time as the detention hearing, and the Court found probable cause to believe that the defendant committed the offense.

I.

The government moves to detain the defendant both on grounds of danger to the community and risk of flight. Though the Court ultimately detained defendant only on the ground of risk of flight, as a preliminary matter it is appropriate to revisit the issue of whether the government was entitled to a detention hearing under 18 U.S.C. § 3142(f)(1). In this case a subsection (f)(1) detention hearing could be held only if felon in possession of a

firearm was a "crime of violence" or defendant had previously been convicted of two or more offenses that would have been crimes of violence if circumstances giving rise to federal jurisdiction had existed. Id. 3142(f)(1)(A),(D). I have previously held that felon in possession is not a crime of violence. The Eleventh Circuit's opinion in United States v. Johnson, 399 F.3d 1297 (11th Cir. 2004), indicates the U.S. Supreme Court's recent decision in Leocal v. Ashcroft, ___ U.S. ___, 125 S. Ct. 377 (2004), supports this conclusion. Defendant's criminal history must therefore demonstrate two crimes of violence.

As a juvenile, defendant was adjudicated a delinquent for having committed robbery in the first degree, a crime of violence. He was seventeen years old when convicted. The Bail Reform Act does not exclude juvenile convictions from consideration and the Court has not been referred to relevant case authority on the subject. In view of the purposes and structure of the Bail Reform Act it seems appropriate to consider a juvenile crime of violence adjudication at age 17 in determining whether the government ought to be able to ask for detention. The Court would of course reconsider if presented with contrary authority.

The only other candidates for crimes of violence in defendant's criminal history are a March 13, 2001 misdemeanor escape conviction as a result of defendant's failure to return to the Fort Des Moines residential facility, and a March 7, 2003

aggravated misdemeanor for "eluding," a motor vehicle offense.

Felony escape from custody is a crime of violence, but under the Bail Reform Act definition a misdemeanor conviction is a crime of violence only if it is for "an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 3156(a)(4)(A). The use, attempted use, or threatened use of physical force is not an element of the offense of escape under Iowa law. <u>See</u> Iowa Code § 719.4(2)(3); Iowa Crim. Jur. Inst. 1900.1, 1900.2.

Aggravated misdemeanor "eluding" occurs when a driver willfully fails to stop a motor vehicle when signaled by a law enforcement officer "and in doing so exceeds the speed limit by twenty-five miles per hour or more." Iowa Code § 321.279(2). An Iowa aggravated misdemeanor is a "felony" under the Bail Reform Act. 18 U.S.C. § 3156(a)(3). Though it does not have the use, attempted use, or threatened use of physical force as an element, the offense could nonetheless be a crime of violence under § 3156(a)(4)(B) if "by its nature, [it] involves a substantial risk that physical force against the person or property of another may used in the course of committing the offense. . . ." Recently in <u>Leocal</u>, the U.S. Supreme Court held in the case of an alien permanent resident facing deportation because of a driving under the influence of alcohol conviction that under the identical crime

of violence definition in 18 U.S.C. § 16 DUI was not a crime of violence. The Court so held in part because "[i]n no 'ordinary or natural' sense can it be said that a person risks having to 'use' physical force against another person in the course of operating a vehicle while intoxicated and causing injury." ___ U.S. at ___, 125 S. Ct. at 383. Eluding involves an attempt to flee from the police in a motor vehicle at high speed. Other vehicles, pedestrians, barricades and other obstructions can be expected to be on the roadway. There is a substantial risk that the person attempting to elude the police will have to strike other vehicles or objects in order to avoid apprehension. Thus by its nature a high speed auto chase involves a substantial risk that the fleeing suspect will use force against a victim or property. Accordingly, the Court concludes that the Iowa offense of eluding is a crime of violence under the Bail Reform Act. Defendant has two predicate offenses entitling the government to a subsection (f)(1) detention hearing.

II.

Defendant is a life-long resident of Des Moines. He has family ties and family support as evidenced by the family members who appeared at his detention hearing. His father resides in Des Moines as well as a brother and a sister. These factors would ordinarily support release.

However, defendant at his young age has a significant criminal history. He was charged with burglary in the third degree

in late 1999. He failed to appear however, was arrested in January 2000, and later that month pled guilty to a felony charge of failure to appear. The burglary charge was dismissed. He was given a five-year suspended sentence for failure to appear and placed on formal probation. He entered the Youthful Offender Pretrial Intervention Program but failed to appear for a YOP hearing. In August 2000 his YOP participation was revoked and original sentence was imposed. He was sent to reside at the Fort Des Moines residential facility. He left the facility and failed to return. On February 5, 2001 he was arrested for escape, pled guilty, and was sentenced to 60 days in jail. His probation from the failure-to-appear conviction was revoked on March 7, 2001 but he was later again released from prison and put on probation. That probation was revoked on March 7, 2003 following defendant's plea of guilty to the eluding charge discussed previously. The record indicates that on January 7, 2003 defendant failed to appear for a pretrial conference in connection with that prosecution. Defendant was revoked for the third time in connection with the failure-to-appear felony, went to prison and was discharged about a year or so ago.

Within a few months of his discharge defendant managed to obtain a disorderly conduct conviction. On January 26, 2005 defendant was again arrested for eluding and that case is pending. He was released on pretrial bond and was on bond when he was stopped by the Des Moines Police on March 31, 2005 for running a

stop sign. Defendant's license had been suspended (he is also now facing a pending driving-while-barred habitual offender charge) and there was an outstanding warrant. Defendant was arrested and the search incident to arrest revealed a loaded .32 caliber handgun. Defendant made post-<u>Miranda</u> statements admitting his possession of the handgun.

In light of his criminal history, defendant does present a danger to the community but he does not at this point have a serious felony record or record of violence which, together with the nature of the offense, would provide clear and convincing evidence that the defendant is a danger to the community against which no conditions of release would provide reasonable assurance.

Defendant must also be considered as presenting a serious risk of flight. Following his 2000 felony conviction for failure to appear, he was given a chance to succeed in the Youthful Offender Program and two opportunities for probation. He struck out three times, once fleeing the facility, for which he received an escape conviction. He has a history of eluding, or attempting to elude the police when they attempted to stop him. His single felony conviction is itself for failure to appear. He also failed to appear for a pretrial conference in connection with the 2003 eluding conviction. The fact that defendant was on bond when the present charged offense was allegedly committed is an express statutory factor against release. 18 U.S.C. § 3142(g)(3)(B).

If defendant were released, he would need supervision beyond the residence with his brother and, in a few weeks, with his significant other in an apartment they have rented as proposed by proffer. The only alternative to detention which might be appropriate in defendant's case would be placement in the halfway house at the Fort Des Moines facility. However, he has once before escaped from that facility and overall has a poor record while on supervision. The record thus demonstrates halfway house placement would not provide reasonable assurance for defendant's appearance. There being no other conditions which would do so, the Court has found the government has established by the preponderance of the evidence that defendant should be detained as a risk of flight.[1]

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of the Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

---

[1] This finding would also support detention under 18 U.S.C. § 3142(f)(2)(A).

Defendant was advised in open court of his right to appeal this detention order to a district judge.

IT IS SO ORDERED.

Dated this 19th day of May, 2005.

_____
ROSS A. WALTERS
CHIEF UNITED STATES MAGISTRATE JUDGE